RAFAEL RUIDÍAZ BARRIOS, ETC., demandantes y recurridos, *v.* EFRAÍN SALAS, en nombre y representación de la SOCIEDAD DE GANANCIALES constituida por él y su esposa ANGELINA RUIDÍAZ, ETC., ET AL. y HEFTLER CONST. CO. OF P.R., demandados y recurrente la última.

*Número:* R-74-199      *Resuelto:* 30 de mayo de 1975

*Arturo Aponte Parés* y *Jorge López Keelan,* abogados de la recurrente.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Heftler International, Inc., ([1]) vendió a los esposos Efraín Salas y Angelina Ruidíaz mediante escritura Núm. 307 de 7 de marzo de 1967 un solar con una casa. El solar fue designado con el número 38. Se hizo constar que el solar tenía un área de 439 metros cuadrados con 62 centímetros. El contrato de venta contemplaba en su cláusula séptima la posibilidad de un aumento o disminución de la cabida. ([2]) En el caso de que

---

([1]) Entre Heftler Construction Company of P.R., entidad constructora y recurrente en este caso y Heftler International, Inc., corporación vendedora, "existe una situación real de identidad según se estableció en la vista del caso . . ." la cual hizo que se enmendara la demanda para incluir a Heftler International como demandada. Opinión, Mangual Hernández, J., Tribunal Superior, Sala de Bayamón.

([2]) Así reza dicha cláusula:

"SEPTIMA: Queda convenido entre las partes que si el área del solar objeto de este contrato, por cualquier razón, y si entre ellas por determinación de la Junta de Planificación de Puerto Rico, aumentase o disminuyese su cabida, las partes se comprometen a compensarse mutuamente en la forma siguiente: Si resultare un aumento en cabida, el COMPRADOR pagará el monto del aumento en cabida a razón de $17.00 por metro cuadrado; y si resultare una disminución, en cabida, la Corporación pagará y devolverá a igual precio por metro cuadrado el monto de dicha disminución. . . ."

resultase una disminución de cabida el vendedor pagaría al comprador a razón de $17.00 el metro. El 20 de diciembre de 1968 por escritura Núm. 169 los Salas vendieron la casa a Rafael Ruidíaz y Edith Reyes Barrios. Antes de esa fecha, el 29 de marzo de ese mismo año, la Heftler International, Inc., vendió a los esposos Ortiz-Santiago el solar #39, solar contiguo al que es objeto de este pleito.

Para marzo de 1969 los segundos compradores se percataron de una diferencia en la cabida de su solar de alrededor de 16 metros cuadrados con 83 centímetros. Según ellos, el solar realmente tiene un área de 422 metros cuadrados con 79 centímetros, en vez de los 439 metros cuadrados con 62 centímetros, que aparece en la escritura de compraventa. Radicaron demanda contra Efraín Salas, quien les vendió el inmueble, contra Julio Ortiz, dueño del solar contiguo y contra la Heftler Construction. Alegan que la casa enclavada en el solar número 39 ocupa parte del solar #38. Solicita el deslinde de los solares 38 y 39, que se le ponga en posesión de la totalidad del solar comprado, la destrucción de la parte de la casa perteneciente a los esposos Ortiz que ocupa indebidamente el solar 38 y $15,000 por concepto de daños y perjuicios.

Heftler Construction aceptó haber vendido los solares números 38 y 39 y que por su error([3]) la construcción de la casa en el solar #39 redujo en 1.30 metros cuadrados el solar de los demandantes. Por ello consignó en el Tribunal Superior, Sala de Bayamón, $23.00 como pago por el área que el solar Núm. 38 tenía de menos y a tenor con la cláusula séptima del contrato celebrado entre la corporación y los Salas. El Tribunal Superior declaró con lugar la demanda en cuanto

---

([3]) En vista administrativa celebrada el 26 de marzo de 1969 en la Adm. de Servicios al Consumidor la querellada Heftler Construction aceptó su error en la designación de los puntos colindantes entre los solares números 38 y 39. Al resolver la cuestión se expresó que "[e]l querellante, [aquí demandante] obstinadamente, se negó a aceptar la oferta de la constructora y no se llegó a ningún acuerdo en la vista." (Véase Exhibit 3 de todas las partes.)

a la Heftler y declaró sin lugar la misma en cuanto a los esposos Ortiz-Santiago y los Salas-Ruidíaz. Condenó a la Heftler Construction a pagar a la demandante la cantidad de $286.11, valor de la diferencia en cabida del solar comprado por los demandantes a razón de $17 el metro cuadrado y $200 por concepto de honorarios de abogado. A petición de Heftler, acordamos revisar.

La controversia de este caso se reduce a determinar la responsabilidad de cada uno de los demandados frente a los demandantes por la diferencia en cabida en el solar número 38.

■ Para establecer la responsabilidad de los esposos Salas-Ruidíaz hacia los demandantes precisa examinar si la venta fue hecha a precio alzado o a un tanto por unidad de medida. La escritura mediante la cual los Salas venden a los demandantes expresa que se traspasa el solar número 38 con un área de 439 metros cuadrados con 62 centímetros por "el convenido y acordado precio de MIL DOSCIENTOS DOLARES ($1,200.00) (4) en moneda americana legal cuya suma recibieron los vendedores de manos de los compradores con anterioridad a este acto. . . ." Esta cláusula refleja claramente que la venta realizada entre los Salas y los demandantes fue hecha por precio alzado, aplicándole las disposiciones del Art. 1360 de nuestro Código Civil, 31 L.P.R.A. sec. 3820. Establece dicho artículo que en este tipo de venta "no tendrá lugar el aumento o *disminución* del mismo, *aunque resulte* mayor *o menor cabida* o número *de los expresados en el contrato.*" 31 L.P.R.A. sec. 3820. (Énfasis nuestro.) En la adquisición de un bien inmueble por un precio cierto es menester ejercer cierto grado razonable de diligencia en el acto de comprar. "[L]a Ley presume, y no sin lógica, que el comprador pudo, antes de perfeccionar el contrato, cerciorarse de la ex-

_____

(4) Los compradores asumieron el pago de una hipoteca montante a $17,750.00.

tensión y de la calidad del inmueble que trataba de adquirir. Si no lo hizo, si aun haciéndolo nada objetó y consintió en la adquisición, a nadie podrá imputar su propia culpa. . . ." Scaevola, *Código Civil*, Tomo XXIII, Volumen II, Madrid (1970), pág. 82.

Los compradores perfeccionaron el contrato de compraventa, el 20 de diciembre de 1968 y tres meses más tarde, en marzo de 1969, es que se percatan de que la cabida del solar es menor a la consignada en la escritura de compraventa. Antes de perfeccionarse el contrato pudieron haber practicado una mensura del inmueble para cerciorarse de la cabida del mismo. Habiéndose hecho la expresión de cabida en forma puramente informativa, no procede una rectificación del precio ni reclamación alguna de devolución por parte de los esposos vendedores. *Rosa Valentín* v. *Vázquez Lozada*, 103 D.P.R. 796 (1975). Sentencia del Tribunal Supremo de España del 26 de junio de 1956, Jurisprudencia Civil Nueva Serie, págs. 2146–2166. Predreira Castro, *El Código Civil a través de la Jurisprudencia*, Tomo III, Libro IV, pág. 83; Puig Peña, *Compendio de Derecho Civil Español*, Tomo III, Vol. 1, 1966, pág. 590; Santamaría, *Comentarios al Código Civil*, Tomo II, Madrid, 1958, pág. 514.

■ A la luz de la prueba presentada la Heftler Construction tampoco tiene responsabilidad frente a los demandantes. No fue con los demandantes con quien Heftler pactó para el caso en que el solar resultase de una menor cabida a la consignada en la escritura. Heftler no fue parte en el contrato de compraventa entre los demandantes y los esposos Salas. La recurrente hubiese tenido responsabilidad sólo frente a los compradores originales del solar # 38, los esposos Salas-Ruidíaz. No habiendo sido Heftler parte en el contrato entre los Salas y los demandantes, no procede fijarle responsabilidad. Véase: *Caloca* v. *Vilaseca*, 10 D.P.R. 275 (1906).

Por los motivos anteriormente expuestos, *se revocará la sentencia del Tribunal Superior, Sala de Bayamón, de 14 de*

*mayo de 1974 que declaró con lugar la demanda en contra de Heftler International y se dictará otra declarándola sin lugar.*

. El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.